# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GERALD CARROLL-BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-CV-2011 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's "Petition to Dismiss for Lack of Jurisdiction Over a Foreign Sovereign Moorish American National." Petitioner, a federal prisoner, seeks to modify the sentence imposed in *United States v. Carroll*, 4:98-CR-351 RLW (E.D. Mo.). Petitioner previously filed a motion to vacate, modify or correct sentence under 28 U.S.C. § 2255 challenging this same sentence; the motion was denied on the merits. *See Carroll v. United States*, 4:01-CV-396 DJS (E.D. Mo.). Petitioner later filed a motion for relief from his sentence pursuant to Johnson v. United States. His motion was denied as successive. *See Carroll v. United States*, 4:16-CV-688 RLW (E.D.Mo.).

A petitioner is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v.*

*United States*, 359 F.3d 855, 857 (7th Cir. 2004). In this instance, the relief petitioner seeks is available only through a § 2255 motion. *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks authority to grant the requested relief. As a result, the motion will be dismissed. *See* 28 U.S.C. § 2255, Rule 4.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether this action is successive under § 2255(h). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Petition to Dismiss for Lack of Jurisdiction Over a Foreign Sovereign Moorish American National" is **DENIED AND DISMISSED AS A SUCCESSIVE MOTION TO VACATE.**

**IT IS FURTHER ORDERED** that petitioner's motion for declaratory relief [Doc. #2] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 28th day of July, 2017.

                                                    /s/ John A. Ross
                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE